CAROLINE H. SWIFT

v.

**REUBEN B. WHEATLEY, Commissioner of Finance Commissioner of Finance, Government of the Virgin Islands, Appellant**

No. 75-2117

United States Court of Appeals

Third Circuit

Argued April 27, 1976

Filed July 20, 1976

WILLIAM L. NEFF, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellant*

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *for appellee*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

OPINION OF THE COURT

VAN DUSEN, *Circuit Judge*

This appeal brings before the court a July 31, 1975, judgment (31A) for petitioner-appellant, dismissing a determination of 1966 capital gains liability of petitioner on the ground that the September 4, 1962, value of No. 18, Estate Smith Bay, St. Thomas, was $150,000., so that no capital gain was payable by petitioner for the year 1966 when this property was sold for that price.

Hortense Hyde (mother of petitioner who was the sole beneficiary under her mother's will) owned the above real estate, consisting of approximately 15.45 acres with access to the waterfront, at the time of her death on September 4, 1962. The property was appraised by two appraisers appointed by the district court as having a value of $60,000. on the above date. Under an agreement of sale made in July 1965, final payment for this property in the amount of $150,000. was received in 1966.[1] The property was included in the assets of the estate subject to inheritance tax at a value of $150,000.[2]

No 1966 income tax return was filed by the estate and the sale of the property was not disclosed in the 1966 federal income tax return of the petitioner. In 1970, respondent-Commissioner of Finance served a NINETY DAY LETTER on

---

[1] A portion of the proceeds of the sale of this property was used to pay debts and administration expenses of the estate. The balance was awarded to petitioner-taxpayer, who was also executrix of the estate.

[2] For this reason, we believe the doctrine of collateral estoppel to be irrelevant to this case.

petitioner, assessing a 1966 income tax deficiency against her for the claimed failure to report the alleged capital gain of $90,000. ($150,000. minus $60,000.) on the sale of No. 18, Estate Smith Bay, in her 1966 income tax return. The district court found that the valuation of this property by the appraisers at $60,000. in September 1962 was "clearly erroneous" and that the value of this land at that time "approximates or equals the amount . . . received as the gross selling price . . ." (14a-15a). See F. R. Civ. P. 52 (a).[3]

Appellant contends that the evidence did not justify the district court's rejection of the appraised value of the property as of September 4, 1962, in view of these rulings of the Internal Revenue Service:[4]

A. Section 1.1014-3 of the Income Tax Regulations, 26 U.S.C., provides:

". . . the value of the property appraised as of the date of the decedent's death for the purpose of State inheritance or transmission taxes shall be deemed to be its fair market value . . . ."

B. Rev. Rul. 54-97 provides:

"For the purpose of determining the basis under section 113(a) (5) of the Internal Revenue Code of property transmitted at death (for determining gain or loss on the sale thereof . . .), the value of the property as determined for the purpose of the Federal estate tax shall be deemed to be its fair market value at the time of acquisition.

. . . [S]uch value is not conclusive but is a presumptive value which may be rebutted by clear and convincing evidence."

The following language from the district court's Memorandum (15A) makes clear that the district court con-

---

[3] The last sentence of the July 1974 district court opinion was (16A):

"I find and conclude that no capital gain resulted to Caroline H. Swift by the sale of Parcel No. 18 of Smith Bay, and hence the determination of the Commissioner of Finance to the contrary is in error."

[4] Although it appears that these rulings were not called to the attention of the district court, we have concluded that its opinion makes clear that it found the evidence in this case was sufficient to overcome their effect, even if the rulings are applicable on this appeal.

cluded that it was "completely unable to accept the presumption of correctness of the appraisal which the government urges" (15A):

"In view of the common knowledge of the manner in which the appraisers were appointed over the past years, and the manner in which they go about their task, I am completely unable to accept the presumption of correctness of the appraisal which the government urges. The practice in 1964 and the years immediately prior and subsequent thereto was to appoint as appraisers retired or semi-retired gentlemen who, as a sinecure, would accept assignment. They were seldom, if ever, noted for their competence as real estate appraisers and indeed, the testimony of one of the two appraisers given at the trial of this cause, bears that out. More often than not their appraisal was the result of no more than a look at the premises combined with their supposed intuitive knowledge of local real estate values. On the other hand, the witness who testified on behalf of petitioner is a realtor and real estate appraiser of established qualification and his arrival at a figure of approximately $150,000 as the date of death true value of the land was measured against the accepted, standard yard-stick of comparable sales at about the same period. A valuation of $60,000 for almost 16 acres of St. Thomas real estate in 1962, with approximately three of those acres fronting on the sea, must be deemed to be ridiculously low and I feel bound by the facts before me to reject it."

An examination of the testimony of petitioner's expert (N.T. 68-88) makes clear that he presented clear and convincing evidence of the $150,000. value of the property in September 1962. The trial judge described this expert as an "appraiser of established qualification" (15A). The district court was entitled to reject the views of respondent's experts, as well as those of the court-appointed appraiser.[5]

For the foregoing reasons, the district court judgment will be affirmed.

---

[5] We note that there is nothing in the district court's Memorandum which is inconsistent with our opinion in Psaty v. United States, 442 F.2d 1154 (3d Cir. 1971).

ADAMS, *Circuit Judge, concurring*

Although I join in the opinion of the Court, an additional point, I believe, deserves emphasis.

One cannot avoid noting that the original appraisers, whose valuation of No. 18 Estate Smith Bay has been rejected, were appointed by the district court. For a court to disregard the valuation made by its court-appointed appraisers may be disturbing to those who are interested in efficient and even-handed administration of the law, and even more to those who are concerned for the appearance of fairness in the courts.[1] Such apprehension, I fear, is not dissipated by the explanation that "the practice [at the time of the appraisal] was to appoint as appraisers retired or semi-retired gentlemen who, as a sinecure, would accept assignment. They were seldom, if ever, noted for their competence as real estate appraisers. . . ." Since appraisals for inventories are required by law to be conducted "by two disinterested and competent persons . . .,"[2] it must be hoped that the appointments practice described by the district court has now been changed.[3]

Be that as it may, I cannot say, on the basis of the record before us, that the finding of fact by the district judge with respect to the value of the property in question is clearly erroneous.[4] Thus, I concur in the conclusion reached by the majority.

---

[1] There is no suggestion of any impropriety whatsoever in the judgment of the district court, but "justice must satisfy the appearance of justice." Offut v. United States, 348 U.S. 11, 14 (1954) (Frankfurter, J.); see Kramer v. Scientific Control Corp., No. 75-1673, at 6 (3d Cir. 1976).

[2] 15 V.I.C. § 314(a) (1964).

[3] We note that both district judges for the Virgin Islands were appointed subsequent to the appraisal at issue here.

[4] See Fed. Rules of Civ. Proc. 52.